29 F.3d 645
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Francisco C. CAPARAZ, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 94-3236.
 United States Court of Appeals, Federal Circuit.
 June 10, 1994.
 
 Before MICHEL, CLEVENGER and RADER, Circuit Judges.
 PER CURIAM.
 
 
 1
 Francisco C. Caparaz petitions for review of the decision of the Merit Systems Protection Board (MSPB or Board), Docket No. SE0831930042-I-1, that affirmed the reconsideration decision of the Office of Personnel Management (OPM) denying petitioner's claim of entitlement to a deferred civil service retirement annuity under the Civil Service Retirement Act (CSRA). We affirm.
 
 
 2
 From 1946 to 1958, Mr. Caparaz was employed by either the U.S. Department of the Navy on the island of Samar, the Philippines, or the U.S. Department of the Air Force at Clark Air Force Base. During this period of time, Mr. Caparaz' employment constituted "covered" service under the CSRA, and retirement contributions were deducted from his pay. Upon his resignation on April 29, 1958, Mr. Caparaz applied for a refund of his CSRA contributions by signing an Application for Refund of Retirement Deductions (SF-2802). That application contained a specific notice concerning forfeiture of rights to an annuity:
 
 
 3
 If you have more than 5 years of service you may be entitled to annuity rights which will be forfeited by payment of this refund unless you are later reemployed.
 
 
 4
 A refund payment to Mr. Caparaz of $845.37 was authorized on June 4, 1958. Mr. Caparaz acknowledges both withdrawal of his retirement contribution and receipt of payment. Although, assuming eligibility, annuity rights may be restored by redepositing refunded contributions with interest, 5 U.S.C. Sec. 8334(d)(1) (Supp. IV 1992), Mr. Caparaz neither was eligible to make such redeposit nor made the effort to do so.
 
 
 5
 After much procedure not pertinent to this appeal, Mr. Caparaz formally applied for a civil service retirement annuity by application dated January 20, 1992. OPM denied Mr. Caparaz' request on May 28, 1992. On reconsideration, OPM affirmed its May 28, 1992, initial decision that Mr. Caparaz was not entitled to a deferred annuity. Mr. Caparaz then appealed that decision to the Board.
 
 
 6
 On October 15, 1993, the Administrative Judge (AJ) issued an initial decision affirming OPM's decision on several grounds. First, the AJ ruled that Mr. Caparaz' right to receive an annuity based on his covered service was extinguished upon his receipt of a lump-sum refund of his withheld premiums. 5 U.S.C. Sec. 8342(a) (1988 & Supp. IV 1992); see Yarbrough v. Office of Personnel Management, 770 F.2d 1056, 1060-61 (Fed.Cir.1985). Second, the 94-3236 amount of the refund had been correctly calculated. Finally, in response to Mr. Caparaz' argument that had he received an April 23, 1958, letter from the civilian personnel office at Clark Air Force Base informing him, inter alia, of the possibility of disability retirement, he would not have withdrawn his retirement contributions, the AJ stated:
 
 
 7
 [S]peculation on this point does not affect his current claim. The fact remains that he received a retirement refund despite notice that the refund would extinguish any rights to an annuity. An applicant must satisfy the statutory requirements in order to receive an annuity.
 
 
 8
 Caparaz v. Office of Personnel Management, slip op. at 3. This decision became final upon the full Board's February 4, 1994, denial of Mr. Caparaz' petition for review of the initial decision. 5 C.F.R. Sec. 1201.113(b) (1994).
 
 
 9
 We review the Board's decision under a narrow standard, and must affirm unless the decision is: (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. Sec. 7703(c) (1988).
 
 
 10
 Mr. Caparaz again presents his argument that he would not have made "the same mistake" had he received the April 1958 letter. Pursuant to our narrow standard of review, however, we find nothing in the record before this court to upset the Board's decision. Mr. Caparaz' other arguments, including his challenge to the method of calculation of his refund, are considered to be without merit. Accordingly, the decision of the MSPB is affirmed.